```
              FILED
       U.S. DISTRICT COURT
      EASTERN DISTRICT OF LA

       2004 FEB 13  PM 3: 24

       LORETTA G. WHYTE
              CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIRESTONE FINANCIAL CORP.**<br>Plaintiff | CIVIL ACTION<br>DOCKET NUMBER: 04-0428 |
| VERSUS | SECTION: SECT. K MAG. 1 |
| **TEAM VENDING, INC.**<br>and **DANIEL J. PARADELA**<br>Defendants | MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Firestone Financial Corp. ("Firestone"), a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located in the Commonwealth of Massachusetts, respectfully represents as follows:

I.

Defendant, Team Vending, Inc., formerly known as Premium National Vendors, Inc. (hereinafter referred to interchangeably as "Team Vending"), is a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business located in the State of Louisiana.



II.

Defendant, Daniel J. Paradela ("Paradela"), is a person of the full age of majority and a resident and domiciliary of the Parish of Jefferson, State of Louisiana.

III.

The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

IV.

This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332.

V.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(1).

VI.

Team Vending is and/or was in the business of selling vending machines.

VII.

Team Vending obtained financing from Firestone to purchase vending machines that Team Vending would later sell to Team Vending's customers.

VIII.

Pursuant to financing by Firestone to Team Vending as aforesaid, Team Vending and Firestone entered into a Financing and Security Agreement, dated October 16, 2000, and Paradela signed and delivered to Firestone an Unlimited Guaranty, dated October 16, 2000,

whereby Paradela absolutely and unconditionally guaranteed to Firestone the full and punctual payment when due, and the performance, of all liabilities, agreements, and other obligations of Team Vending to Firestone, whether direct or indirect, absolute or contingent, then due or to later become due, secured or unsecured, then existing or thereafter arising or acquired, whether by way of discount, lease, loan, or otherwise, and whether Team Vending may be liable individually or jointly with others.

IX.

In said Unlimited Guaranty, Paradela also obligated himself to pay to Firestone all costs and expenses (including court costs and reasonable attorney's fees and expenses) incurred or expended by Firestone in connection with the obligations covered by the Unlimited Guaranty.

X.

Team Vending entered into agreements with its customers to sell vending machines on credit, whereby Team Vending's customers were required to pay a down payment and sign an Installment Promissory Note and a Security Agreement and grant a security interest in favor of Team Vending in the vending machines for the balance of the purchase price of the credit sale.

XI.

On a number of occasions, Team Vending sold, assigned, and transferred the said Installment Promissory Notes and Security Agreements to Firestone, pursuant to written

contracts of assignment, whereby (1) Firestone paid to Team Vending an amount equal to the difference between the total amount of the credit sale and the amount that Team Vending represented to Firestone as the down payment received by Team Vending, (2) Firestone became the holder of the Installment Promissory Notes sold and assigned as aforesaid and entitled to all subsequent payments due thereunder, and (3) Firestone became the secured party under the Security Agreements securing said Installment Promissory Notes.

XII.

In each said contract of assignment, Team Vending warranted to Firestone, *inter alia*, that (1) the down payment made by Team Vending's customer, as stated in the contract documents between Team Vending and its customer, was paid in cash to Team Vending, unless otherwise mentioned in said contract documents, and (2) the contract documents between Team Vending and its customer are genuine and in all respects what they purport to be. Also in each said contract of assignment, Team Vending agreed that, upon the breach of any warranties by Team Vending in favor of Firestone in said assignment, Team Vending would repurchase the Installment Promissory Notes and Security Agreements from Firestone by paying to Firestone the amount owing thereon, plus all costs and expenses.

XIII.

Subsequent to several transactions described in paragraph XI above, Firestone learned that, more than once, (1) Team Vending fraudulently and/or intentionally misrepresented to

Firestone that Team Vending had received cash down payments from Team Vending's customers in certain amounts, when in fact Team Vending had not received any down payments or had received down payments in amounts less than the amounts Team Vending reported to Firestone, which prejudiced Firestone and Firestone's security rights, (2) Team Vending failed to deliver any vending machines to its customers and/or failed to deliver certain types of vending machines that Team Vending had agreed to deliver to its customers, in default of the terms of credit sales between Team Vending and its customers and to the prejudice of Firestone and Firestone's security rights, and (3) Team Vending re-possessed vending machines that it sold to its customers, but Team Vending failed to deliver said re-possessed vending machines to Firestone or take any other action to protect Firestone's rights as the secured party holding a security interest in said vending machines. On information and belief, Team Vending misrepresented to Firestone the true status of cash down payments as aforesaid in order for Team Vending to receive payments from Firestone for assignments of the said Installment Promissory Notes and Security Agreements, because Firestone would not have agreed to any such payments to Team Vending for assignments that did not involve a cash down payment of a certain percentage by Team Vending's customers.

XIV.

Team Vending's actions and inactions described in paragraph XIII above (1) occurred without the knowledge or consent of Firestone, and (2) prejudiced Firestone and its rights as

holder of the Installment Promissory Notes and as the secured party under the Security Agreements securing the Installment Promissory Notes.

XV.

As a result of Team Vending's actions and inactions described in paragraph XIII above, (1) several makers of the Installment Promissory Notes assigned by Team Vending to and held by Firestone have refused and/or are unable to pay the amounts due under the Installment Promissory Notes, (2) Firestone's rights under the Security Agreements that secure the Installment Promissory Notes have been adversely affected and rendered wholly or partially ineffective, and (3) Firestone believes it would be a vain and useless act for Firestone to file a lawsuit against Team Vending's customers in an effort to collect amounts owing under the Installment Promissory Notes, and/or if Firestone filed such a lawsuit, Team Vending's customers may seek damages against Firestone.

XVI.

Team Vending breached its contracts of assignment with Firestone and its warranties in favor of Firestone and is liable to Firestone for all damages and losses suffered by Firestone as a result thereof, and/or Team Vending is obligated to repurchase from Firestone all Installment Promissory Notes and Security Agreements that Team Vending assigned to Firestone with fraudulent and/or intentional misrepresentations, by paying to Firestone the amount owing thereon, plus all costs and expenses.

XVII.

Pursuant to the said Unlimited Guaranty, Paradela is also liable to Firestone, jointly, severally, and in solido with Team Vending, for all damages and losses suffered by Firestone as a result of Team Vending's actions and inactions described in paragraph XIII above.

XVIII.

To date, Firestone estimates that it has suffered damages and/or losses in the principal amount of $178,781.95 as a result of Team Vending's actions and inactions described in paragraph XIII above.

WHEREFORE, plaintiff prays for judgment herein in favor of plaintiff, Firestone Financial Corp., and against defendants, Team Vending, Inc. and Daniel J. Paradela, jointly, severally and in solido, in the principal amount of $178,781.95, plus judicial interest thereon from the date of judicial demand until paid in full, plus Firestone's reasonable attorneys' fees, plus all costs of these proceedings.

Plaintiff further prays for all general and equitable relief to which it may be entitled in the premises.

> Respectfully submitted,
>
> MONTGOMERY, BARNETT, BROWN,
> READ, HAMMOND & MINTZ, L.L.P.
>
> /s/ *signature*
> _____
> STEPHEN P. SCHOTT, T.A.
> La. Bar. No. 2096
> JASON R. ANDERS
> La. Bar No. 26171
> 1100 Poydras Street
> 3200 Energy Centre
> New Orleans, Louisiana 70163-3200
> Telephone: (504) 585-3200
> Telecopier: (504) 585-7688
> Attorneys for Firestone Financial Corp.

H:\SCHOTT\012904.1.wpd